Artemus C. Wells v. Commissioner.
Wells v. Commissioner
Docket No. 103803.
United States Tax Court
1946 Tax Ct. Memo LEXIS 296; 5 T.C.M. (CCH) 8; T.C.M. (RIA) 46013; January 9, 1946
M. P. Sawyer, Esq., for the petitioner. Jay O. Kramer, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: This proceeding, involving a deficiency in gift taxes for the year 1938, is before this Court under a remand from the Circuit Court of Appeals for the Sixth Circuit for the amendment of the pleadings, for rehearing and the introduction of additional evidence. The question now at issue pursuant to that mandate is whether certain gifts made by the petitioner in 1935, 1936, 1937 and 1938 were gifts of "future interests in property" within the meaning of section 504 (b) of the Revenue Act of 1932. The solution to this question depends on whether the gifts were made to a trust, and, *297 if so, whether the interests of the donee under the trust instrument were "future interests" as that term is used in the statute. [The Facts] Petitioner resides in Michigan and filed his gift tax return for the year 1938 with the collector of internal revenue at Detroit, Mich.
On December 27, 1935, petitioner executed an irrevocable deed of trust naming Hattie S. Wells, his wife, as trustee, and his sons, Samuel A. Wells and John W. Wells, as the beneficiaries of the income and principal thereof, share and share alike, with contingent remainders over to certain persons other than the grantor. The trust was to continue during such portion of the lives of the beneficiaries not exceeding thirty years from date, unless sooner terminated under the terms of the trust. The Trustee was given full powers of managing the trust properties. Petitioner retained no control over the management of the trust, but did retain the right to make additional gifts to the trust from time to time. The trust instrument provided, inter alia: The said Trustee, and her successors in trust, may give to the beneficiaries of said trust hereinafter named, such proportion of the income and principal of *298 said trust as such Trustee shall determine, from time to time, the disbursement of said trust being left entirely to the discretion of the acting Trustee to the extent that the said trust, may be terminated at any time by the said Trustee, by a full accounting to the existing beneficiary or beneficiaries. This trust instrument was drafted before December 1935 and was ready for execution in its final form on December 24, 1935. On February 9, 1938, petitioner executed another separate irrevocable deed of trust naming the same trustee and beneficiaries and setting forth provisions similar to those contained in the deed of trust dated December 27, 1935, except that under the 1938 instrument the Trustee was required to give the beneficiaries annually at least 80 percent of the income of the trust. The 1938 deed of trust also provided for further distributions of income and principal at the discretion of the Trustee, in the same fashion as did the 1935 instrument. In 1935 petitioner made gifts of securities having a value of $59,676. He made further gifts of $10,000 in 1936, $9,330 in 1937 and $10,052.60 in 1938 [1] In the original pleadings and at the initial hearing of this cause *299 before the Board of Tax Appeals, the parties hereto treated these gifts as gifts to the 1935 trust. During 1938 petitioner made further gifts of securities and cash having a value of $21,979.70. In the original proceedings of this case before the Board of Tax Appeals, these gifts were treated by the parties as gifts to the 1938 trust. It is not entirely clear from the pleadings and record before us whether the petitioner now denies that these gifts of $21,979.70 were to the 1938 trust. In any event, it is not necessary for our adjudication of the cause before us that we determine this factual question since these 1938 gifts are not in dispute. [2]
In his *300 1938 gift tax return, petitioner claimed two $5,000 exclusions for the gifts made in 1938, which were allowed by the respondent and concerning which there is no issue in the present case. In this same return, petitioner took two exclusions of $5,000 each, under section 504 (b) of the Revenue Act of 1932, against his 1935 gifts in computing the amount of "net gifts for preceding years". Taking the position that only one exclusion of $5,000 was allowable against the 1935 gifts, the respondent sent a notice of deficiency in 1938 gift tax to the petitioner. At that time respondent apparently had no notice of the 1936 and 1937 gifts and did not consider them in computing the deficiency. At this point, both parties were treating these 1935 gifts as gifts to the 1935 trust. The petitioner filed a petition with the Board of Tax Appeals for a redetermination of the deficiency. The petitioner alleged that the gifts in question were made to the trust, but contended that a gift in trust is not a gift to the Trustee, but a gift to the beneficiaries, and that for gifts made in 1935 under the 1935 Deed of Trust, two exclusions of $5,000 each should be allowed. The Board sustained the petitioner's *301 contention and held that petitioner having made a gift to a trust having two beneficiaries, the number of exclusions allowed by section 504 of the Revenue Act of 1932 was to be measured by the number of beneficiaries of the trust. [Opinion] After the Board's opinion was filed, and prior to the entry of decision, the respondent filed motions for rehearing, reconsideration and amendment of pleadings. In support of these motions respondent submitted that certain Supreme Court decisions had been handed down shortly before the Board's opinion, which decisions clarified the law and held that while each beneficiary of a trust was a donee, for whom an exclusion of $5,000 was granted, nevertheless, beneficiaries such as those in the present case, were recipients of future, rather than of present interests, and that the statute did not allow such exclusions to a donor of future interests. These motions were denied by the Board. On petition of the respondent, the decision of the Board was reviewed by the Circuit Court of Appeals for the Sixth Circuit, which sustained the respondent and remanded the case to this court for amendment of the pleadings by the Commissioner and the petitioner, *302 and for rehearing and the "introduction of such evidence as may be submitted by the parties." . After this cause was remanded by the Circuit Court of Appeals, petitioner filed an amended petition in accordance with permission given in the mandate. In this amended petition and in his reply to the answer to the petition as amended, petitioner alleged for the first time, and contrary to the allegations of his original petition, that the gifts in question (1935, 1936 and 1937) had been actually "made direct to the sons who later delivered them to the Trustee under the [1935] trust." At the hearing, petitioner himself took the stand to establish this fact. He testified that he had given gifts of securities to his sons at Christmas time on a number of occasions, and that sometimes he would actually deliver the securities to them and sometimes he would not. He would not state with any certainty that he actually delivered the gifts in question to the sons. Petitioner's testimony on this point was with particular reference to his gifts made in 1935; he offered little testimony on the way he made his 1936 and 1937 gifts. *303 Petitioner also stated that on or about December 24, 1935 he gave his sons several small sums of money out of his own funds and later charged these amounts to the trust. He did not offer any records to support this statement or to establish whether the stock certificates in question had ever been transferred in the sons' names; his own testimony on this point is most vague. Petitioner's gift tax return for 1935 recites that these gifts were made on December 27, 1935, and has the notation "Donees are John W. Wells and Samuel A. Wells, sons of donor". However, the "Donee's or Trustee's Information Return of Gifts for the Calendar Year 1935" (Form 710) was filed and signed by the Trustee; in this return the Trustee acknowledged receipt of the securities on December 27, 1935. The 1935 Deed of Trust, which was prepared for execution before the alleged delivery of these securities to the sons and was formally executed a few days thereafter, recites the conveyance of these securities by the petitioner to the Trustee. From the very vague testimony offered by the petitioner we can only conclude that an undisclosed part of the securities transferred by him to the 1935 trust were exhibited *304 to his sons and put in their temporary custody a few days before these securities were formally transferred to the trust pursuant to his then known and existing intention; and that the sons received them not as donees but as either temporary custodians or as conduits through whom delivery to the trust was accomplished. It would seem probable that the securities were exhibited to the sons on Christmas in order to make more apparent to them the generosity of their father in creating a trust for their benefit of which the securities were to be part of the corpus, upon the theory that engraved stock certificates were more suitable to the Christmas stocking than a typewritten trust instrument. Having concluded that the donee of the gifts was the trust and not the two sons of the petitioner-settlor, it is necessary to consider whether the sons, as beneficiaries of the trust, had a present interest in the income or principal of the trust. It is the respondent's contention that the gifts made in 1935, 1936 and 1937 were made to the 1935 Trust, consisted entirely of future interests in property within the meaning of section 504 (b), and were limited to commence in use, possession and enjoyment *305 at some future date, dependent upon a contingency which might never happen, viz., the exercise of the trustee's discretion to distribute income or corpus or both to the named beneficiaries. Respondent submits that accordingly no exclusions of $5,000 each should be allowed in computing the amount of the petitioner's net gifts in 1935, 1936 and 1937 for the purpose of determining the "net gifts for preceding years" in petitioner's 1938 Gift Tax Return. Petitioner contends that his 1935, 1936 and 1937 gifts were not gifts of future interests and that he is entitled to two $5,000 exclusions against his gifts in each of these years. It is his contention that regardless of the provisions of the trust instrument, it was his intention that his two sons should have the immediate enjoyment of their benefits under the trust, and that nothing in the trust instrument prevented such enjoyment. Section 504 (b) of the Revenue Act of 1932 excludes from taxable gifts the first $5,000 of such gifts (other than of future interests in property) made to any person by the donor during the calendar year. [3] Regulations 79 defines future interests as including "interests or estates, whether vested or contingent, *306 * * * which are limited to commence in use, possession or enjoyment at some future date or time." The Supreme Court has approved this regulation in , and . We think that the gifts made to the 1935 trust were, in fact, gifts of "future interests in property" within the meaning of section 504 (b) above. ; ; ; ; ; . See, also, ; (June 4, 1945).
Petitioner's *307 contention that he intended the enjoyment of the beneficiaries under the trust to be immediate regardless of the express provision of the trust instrument to the effect that payments to them were to be at the absolute discretion of the trustee, is without merit. Decision will be entered under Rule 50. Footnotes
1. Respondent has made certain adjustments in these amounts on account of accrued interest on securities embraced in these gifts and to correct certain mathematical errors in petitioner's 1935 gift tax return; no question is raised herein to those adjustments. These adjustments include lowering the 1935 figure from $59,676 to $59,501.96 and raising the 1938 figure from $10,052.60 to $10,212.15↩
2. Respondent on brief "concedes that petitioner is entitled to total exclusions of $10,000 in respect of gifts made in 1938."↩
3. SEC. 504. NET GIFTS. * * * * *
(b) Gifts Less Than $5,000. - In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection(a), be included in the total amount of gifts made during such year.↩